## TURNER et ux. v. POUNDS.

### No. 9562.

Court of Civil Appeals of Texas. Galveston.

Oct. 29, 1931.

Andrews, Streetman, Logue & Mobley, of Houston, for appellants.

H. L. Nicholson and T. J. Stovall, both of Houston, for appellee.

PER CURIAM.

Horace Pounds brought this suit against E. W. Turner and wife, Louise Turner, alleging that on the 7th day of June, 1928, Turner and wife, and each of them, acting through their authorized agent, C. E. Wood, by a contract in writing employed him as a real estate broker to procure a purchaser for certain property described as the northeast corner of intersection at Dowling and Wentworth streets, fronting 125 feet on Dowling and 118 feet on Wentworth, less 1½ by 57.

The contract executed by C. E. Wood is signed thus: "[Signed] E. W. Turner by C. E. Wood, owner." The terms stated in such contract were that the broker was to sell the property by "12 o'clock June 8, 1928, for $6,-250.00 net or at any other price the owner may accept."

It is stipulated in section 2 that the broker was to receive 5 per cent. commission on the total price for which the property is sold if he finds a purchaser who is ready, able, and willing to buy the property at the price named within the period named.

Plaintiff alleged that defendants through their agent represented to him that they owned said property free of incumbrance; that they desired to sell same at a price of $6,250.00 net to them; that any sum for which plaintiff should sell the property over and above the sum named should go to plaintiff as a commission; that in pursuance of such authority he did procure purchasers for said property in the persons of J. S. Johnson and C. A. Gustavson at the sum of $6,850; that such purchasers were at such time ready, able, and willing to purchase the property at said sum; that they did on the 7th day of June, 1928, execute and deliver to plaintiff a written agreement to purchase said property upon the terms stipulated in such agreement; that, such agreement being in particulars unsatisfactory to defendants, they, on the next day, caused to be drawn and executed the following agreement:

"Earnest Receipt.

"$200.00      Houston, Texas, June 8, 1928.

"Received of J. S. Johnson and C. A. Gustavson the sum of $200.00 as part payment of purchase money on the following described property, to-wit: (Here the property is described), which property I have this day contracted to sell to J. S. Johnson and C. A. Gustavson, their heirs and assigns, for the full sum of Sixty-eight Hundred Fifty ($6,850.00) Dollars, on the following terms, to-wit: Sixty-eight Hundred Fifty ($6,850.00) Dollars cash, payable upon approval of title and execution of deed, together with interest on said sum of $6,850.00 from the date hereof at the rate of 7% per annum until said sum of money is paid; upon approval of title and within ninety days from the date hereof purchasers agree to accept deed therefor as herein provided, they to pay the full consideration therefor. Upon payment in cash of the purchase money ($6,850.00), including the amount herein receipted for, I agree to convey, or cause to be conveyed, by good and sufficient warranty deed, the above described property. It is hereby agreed that the vendor shall furnish a complete abstract of the above described property. If the title to said property is not good, and can not be made good within 30 days from this date, then the Two Hundred ($200.00) Dollars herein receipted for shall be returned to the said J. S. Johnson and C. A. Gustavson, their heirs and assigns, and this contract shall terminate. But if the title is good, and said property is not taken within ninety (90) days from the date hereof, then the Two Hundred ($200.00) Dollars herein receipted for shall be forfeited to Horace E. Pounds and the vendor equally, as liquidated damages, and this contract shall be null and void, and all parties herein named released. In the event the title to said property is defective thirty (30) days shall be allowed the vendor to perfect the same, and I bind myself to use my best efforts to perfect title to the said property within that time.

"Purchasers shall be entitled to possession of said property upon execution and delivery of deed therefor, and upon payment of the total consideration herein recited.

"It is agreed that seller shall have the privilege to remove shrubbery or trees now growing on above described property he may select except hedge.

"E. W. Turner, Seller.
"[Signed]     E. W. Turner
"Louise Turner
"By E. W. Turner.
"J. S. Johnson, Purchaser.
"[Signed]     J. S. Johnson
"C. A. Gustoveon, Purchaser
"[Signed]     C. A. Gustavson.
"Horace E. Pounds, 804 Esperson Building Pr. 6611.
"[Signed]     Horace E. Pounds, Agents."

Plaintiff alleged that, in the execution and delivery of the agreement defendants, and each of them, accepted said proposed purchasers as being parties ready, able, and willing to buy said property upon the terms and conditions in the agreement set forth. He alleged that defendant E. W. Turner, in signing the name of Louise Turner, his wife, did so as her authorized agent. He also alleged that defendants, and each of them, by the terms of the earnest money contract, agreed to convey to the proposed purchasers the tract of land described in such contract free and clear of incumbrances, but as a matter of fact defendants owed large sums of money to various parties (naming such parties), which said indebtedness constituted liens on the property of defendants; that the proposed purchasers demanded that such liens be removed, but defendants failed to clear the title to the land within the time agreed upon; and that by reason of such failure the proposed purchasers refused to pay for the property upon the terms in the aforesaid contract.

"Plaintiff alleges further, and in the alternative, that if the said contract was not effectuated within the time prescribed in same, then he is entitled to the sum of 5% upon the sum of $6,850.00, or $342.50, which is the usual and customary commission allowed to a real estate broker in like cases, and which defendants and each of them expressly or impliedly agreed to pay plaintiff for such services so rendered. That during the whole of the negotiations, said Louise Turner acted for the benefit of her separate estate.

"Wherefore, plaintiff prays the court that defendants and each of them be cited to ap-

pear and answer this petition; that upon a final hearing hereof he have judgment for the sum of $600.00 and in the alternative for $342.50, interest, costs, and for such other relief, general and special, in law and in equity, to which he may show himself entitled."

Defendants, E. W. Turner and Louise Turner, answered by general demurrer, general denial, and by specially alleging that the proposed purchasers presented by the plaintiff were at no time either ready, able, or willing to purchase the property in accordance with any contract existing between the parties at interest in the subject-matter of this suit; that the only terms presented by the proposed purchasers which they were ready, able, and willing to consummate were that they would purchase the property, pay a very small sum in cash, and for the balance of the purchase money execute obligations promising to pay small sums in installments until all was paid; that the purchasers procured by the plaintiff were not ready, able, or willing to purchase upon the terms of any contract entered into between themselves and plaintiff, but they were wholly unwilling and unable to purchase the property upon the terms of any contract made and entered into by any party interested in this suit.

They further alleged that it was stipulated in the contract attached to plaintiff's petition, upon which he relies for a recovery, that if the proposed purchasers did not purchase the property within ninety days from the date thereof, then the $200 earnest money should be paid to the plaintiff and defendants as liquidated damages, and that such contract should thereafter be null and void and all parties released.

They further alleged that plaintiff took charge of said $200 paid as earnest money, and has kept the same ever since, and has refused to deliver any part of the same to defendants; wherefore plaintiff is estopped to assert that he is entitled to receive any further sum from defendants; to the contrary, he has received and holds $100 to which defendants are entitled and for which they ask judgment, as well as for general relief.

By supplemental petition, plaintiff alleged that the property in question was the separate estate of Mrs. Louise Turner, and that any revenues which might arise from a sale of the same would be her separate estate; wherefore the contract sued on was for the benefit of her separate estate.

Plaintiff alleged that the sole cause of the failure of the proposed purchasers to consummate the sale under the terms of the contract declared upon was the failure and refusal of defendants to pay off liens existing against the property and thereby clear the title to same within the time agreed upon by the contracting parties.

The case was tried by the court without a jury, and judgment was rendered in favor of the plaintiff against Mrs. Louise Turner for the sum of $342.50. Judgment as against E. W. Turner was denied plaintiff.

Upon request therefor, the court filed his statement of facts and conclusions of law, the material and pertinent parts of which necessary to be here stated are substantially as follows:

### Facts.

1. That the plaintiff presented to Louise Turner purchasers for the property who agreed to buy the same on terms proposed by defendant.

2. That through her husband and agent, E. W. Turner, Louise Turner accepted said proposed purchasers and authorized her agent to enter into a contract for and on her behalf.

3. That plaintiff drew up a contract to be executed by all interested parties, but the same was rejected by Louise Turner, and she had her attorney draw up one suitable to herself and the proposed purchasers, which was executed by the parties.

4. That the value of the property offered for sale was $6,850.

5. That Louise Turner accepted the proposed purchasers tendered by the plaintiff.

6. That Louise Turner was the owner of the property, and she agreed to furnish the proposed purchasers a good title to the property.

7. That the abstract of title furnished to the proposed purchasers showed that there existed liens against the property in excess of $10,000.

8. That the title to the property was not cleared from the effects of such liens within the time agreed upon in the contract of sale and purchase.

9. That Louise Turner never at any time offered to deliver to the proposed purchasers releases of the liens that existed against the property at the time the title was examined.

10. That the $200 earnest money was at all times the property of the proposed purchasers. That plaintiff kept and still retains all of it.

11. That attorneys for the plaintiff admitted in open court that plaintiff was not entitled to recover on the contract signed by C. E. Wood as the agent of E. W. Turner of date June 7, 1928, and was not entitled to recover as against E. W. Turner, and requested the court to enter judgment for him.

12. That on the 8th day of June, 1928, the plaintiff, the defendants, and Johnson and Gustavson entered into an agreement in writing, a copy of which is attached to plaintiff's petition.

Thus far this opinion was written by Associate Justice LANE; in his absence, it is now completed by the court, as follows:

### Facts.

13. "Said purchasers requested the defendants to sell said property to them upon credit so that they might erect a building thereon and thereafter obtain a loan on said property and on said building to be erected thereon and pay for said property out of said funds, which request was denied by defendants."

### Law.

"That when plaintiff found a purchaser in the persons of Johnson & Gustavson, who were willing to buy the property on terms prescribed by the Seller, and Seller had her own attorneys draw the Earnest Money Contract suitable to herself and the purchasers, that the broker's commission was thereupon earned and that it did not matter if thereafter the Seller did not require the Purchasers to so take said property.

"That a married woman in Texas can employ a broker to make sales of her separate estate and become bound for commissions arising from such contracts of employment.

"When plaintiff brought the Seller and Purchasers together and they entered into a contract suitable to themselves, that he had performed all services required of him in connection therewith and that the Seller thereby accepted the readiness, willingness, and ability of the purchasers to comply with their contract. * * *

"The Court does not pass upon the question as to whether or not the sale mentioned in the contract of June 8, 1928, was not consummated because of the fault of the sellers, Mrs. Louise Turner and E. W. Turner, or whether the same was not consummated because of the fault of the purchasers, J. S. Johnson and C. A. Gustavson, and the Court does not pass upon the question as to whether or not said purchasers were ready, able and willing to consummate said transaction, for the reason that the court deems such finding to be immaterial."

Upon the undisputed evidence and the legal import of the contract between the litigating parties, this court concludes that the judgment rendered below was erroneous, both in its award of anything to the plaintiff on his claim against the defendants, and in its refusal to decree them a recovery in turn on their cross-action against him for one-half the earnest money the would-be purchasers turned over to him, the whole of which he at all times retained. The uncontroverted proof, as well as the findings of the trial court, reflect these established facts:

██ The contract of June 8, 1928, provided that, if the property was not taken by the purchasers, then the $200 receipted for therein should be "forfeited to Horace E. Pounds and the vendor equally as liquidated damages and this contract shall be null and void and all parties herein named shall be released"; Pounds received the $200; the would-be purchasers told E. W. Turner that they did not have the money to pay for the property, and wanted him to take a lien thereon for the purchase price, which he refused to do; the court found that the proposed purchasers requested the defendants to sell the property to them upon credit so that they might erect a building thereon and thereafter obtain a loan on it and the building to be erected thereon, and pay for the property out of the funds so obtained; the court also found that the plaintiff received the entire $200 mentioned in the earnest money contract of June 8, 1928, and that J. S. Johnson and C. A. Gustavson did tell the defendants prior to the time the transaction should have been consummated that they were unable and unwilling to pay the entire cash consideration upon the execution of the deed, and requested the defendants to deed the property to them subject to the outstanding lien and without the purchasers paying the cash consideration provided in the contract.

The evidence thus indisputably showing that the purchasers as procured by the appellee were not only not ready, able, and willing to consummate the transaction as provided for in the contract declared upon, but that they were both unable and unwilling to, and so informed the appellants, under the very terms of the agreement of the parties thereby evidenced, the limit of the appellee's rights as a matter of law was the retention of one-half the earnest money in his hands.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. It follows that the trial court's judgment should be reversed, and that judgment should enter here that appellee take nothing against appellants and that they recover of him $100, together with interest at the rate of 6 per cent. per annum thereon from and after May 24, 1930. It has accordingly already been so ordered.

Reversed and rendered.